IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SHANNON DAVID BULLPLUME,<br><br>Plaintiff,<br><br>vs.<br><br>MAILROOM SUPERVISOR DENISE DEYOTT,<br><br>Defendant. | Cause No. CV 11-00056-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND ORDER TO SERVE AMENDED COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS<br><br>(Defendant see D.Mont. L.R. 12.2) |

## I. SYNOPSIS

Mr. Bullplume has filed an Amended Complaint in response to the Court's January 3, 2012 Order. C.D. 5. Pursuant to that Order, Mr. Bullplume's claims regarding an alleged delay in delivering his mail will be recommended for dismissal.

The Amended Complaint provides additional detail regarding Mr. Bullplume's allegations that Defendant Denise Deyott opened his legal mail outside of his presence. After review pursuant to 42 U.S.C. § 1915(e)(2) and 1915A, the Amended Complaint will be served upon Defendant Ms. Deyott.

## II. STATEMENT OF CASE

## A. PARTIES

Mr. Bullplume is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The only defendant is Mailroom Supervisor Ms. Deyott. C.D. 2, p. 4.

## B. FACTUAL ALLEGATIONS

Mr. Bullplume alleges Ms. Deyott opened his "legal mail" outside his presence in violation of his First and Fourth Amendment rights. C.D. 9, p. 4. He contends that throughout 2010, 2011, and 2012 he has been seeking counsel to assist him in a legal matter related to his conviction and sentencing. As part of those efforts, Mr. Bullplume says he contacted Attorney Jeffrey S. Blanck in Reno, Nevada. On November 1, 2010, March 28, 2011, and January 16, 2012, Mr. Bullplume allegedly received legal mail from Mr. Blanck which was clearly marked as coming from the law office of Mr. Blanck. Mr. Bullplume says these letters were directly related to his concerns regarding his criminal conviction and sentence. At the bottom of each envelope it was clearly marked "legal mail from Jeffrey S. Blanck, Esq. to be opened only by inmate." Mr. Bullplume contends all three of these letters were opened outside of his presence and that these actions have restrained his legal correspondence with attorneys.

## III. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. Bullplume is a prisoner proceeding in forma pauperis so his claims are reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Dismissal is not appropriate at this time and Ms. Deyott will be required to respond to the Amended Complaint.

## IV. CONCLUSION

Mr. Bullplume's delay in receipt of mail claim will be recommended for dismissal for the reasons set forth in the January 3, 2012 Order. C.D. 5. Dismissal of the legal mail claims against Ms. Deyott as set forth in the Amended Complaint is not appropriate at this time and Ms. Deyott must make an appearance on these claims. No conclusions about the truth of Mr. Bullplume's allegations or about the strength of this claim or of the evidence he might offer to corroborate it have been made. Mr. Bullplume has said enough to require a response from Ms. Deyott on his legal mail claim.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendant Ms. Deyott is requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30)**

**days of the entry date reflected on the Notice of Electronic Filing**. If Ms. Deyott chooses to return the Waiver of Service of Summons, her answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

    2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    \*    Plaintiff's Complaint C.D. 2;

    \*    January 3, 2012 Order C.D. 5;

    \*    Amended Complaint C.D. 9;

    \*    this Order;

    \*    a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*    a Waiver of Service of Summons

Should counsel determine they do not represent Ms. Deyott in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5. Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF

CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Mr. Bullplume's delayed mail claim should be dismissed.

### NOTICE OF RIGHT TO OBJECT TO
### FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Bullplume may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Bullplume files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on

to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Mr. Bullplume from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 8th day of March, 2012.

    /s/ *Keith Strong*
Keith Strong
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Mailroom Supervisor Denise Deyott. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-56-H-DWM-RKS. The Court has completed its pre-screening and concludes Defendant Deyott must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

                                      */s/ Keith Strong*
                                      Keith Strong
                                      United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

  The following Defendant acknowledges receipt of your request that she waive service of summons in the following action: <u>Bullplume v. Deyott</u>, Civil Action No. CV-11-56-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendant also received a copy of the Amended Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

  The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following Defendant:

_____; _____;

_____   _____
DATE             SIGNATURE

             _____
             PRINTED/TYPED NAME

             _____

             _____
             ADDRESS