# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| SHANNON DAVID BULLPLUME,<br><br>Plaintiff,<br><br>vs.<br><br>MAILROOM SUPERVISOR DENISE DEYOTT,<br><br>Defendant. | Cause No. CV 11-00056-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS |

## I. SYNOPSIS

Pending is Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies. C.D. 13. In his Amended Complaint, Mr. Bullplume alleged that Defendant Denise Deyott opened his legal mail outside of his presence. C.D. 9. Defendant argues Mr. Bullplume failed to exhaust the grievance procedure in place at Montana State Prison ("MSP") and this matter should be dismissed. Mr. Bullplume did not respond to Defendant's Motion. The motion is well-taken and should be granted.

## II. MOTION TO DISMISS STANDARD

Defendant filed the Motion to Dismiss pursuant to Rule 12(b) of the Federal

1

Rules of Civil Procedure. A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20.

Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n. 14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendant served a Rand Notice upon Mr. Bullplume with the filing of the Motion to Dismiss. C.D. 16.

Defendant bears the burden of establishing that a plaintiff failed to exhaust administrative remedies. Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claims should be dismissed without prejudice. Wyatt, 315 F.3d at 1120; see also Jones v. Bock, 549 U.S. 199 (2007).

## II. ALLEGATIONS

### A. Factual Allegations

Mr. Bullplume alleges Defendant Deyott opened his "legal mail" outside his presence in violation of his First and Fourth Amendment rights. C.D. 9, p. 4. He contends that throughout 2010, 2011, and 2012 he was seeking counsel to assist him in a legal matter related to his conviction and sentencing. As part of those efforts, Mr. Bullplume contacted Attorney Jeffrey S. Blanck in Reno, Nevada. On November 1, 2010, March 28, 2011, and January 16, 2012, Mr. Bullplume received legal mail from Mr. Blanck directly related to Mr. Bullplume's concerns regarding his criminal conviction and sentence. The bottom of each envelope was clearly marked "legal mail from Jeffrey S. Blanck, Esq. to be opened only by inmate." Mr. Bullplume contends all three letters were opened outside of his presence and that these actions have restrained his legal correspondence with attorneys. C.D. 9, pp. 4, 6-9.

### B. Administrative Remedies

Montana State Prison has a grievance procedure for prisoners to use in order to resolve complaints about their incarceration. C.D. 14-7: MSP Grievance Procedure. In order to initiate the MSP grievance procedure, an inmate must submit a completed Inmate/Offender Informal Resolution Form to his unit manager

within five working days of the act or omission which caused the complaint. C.D. 14-7: MSP Grievance Procedure, p. 2, ¶ III(E). The only exception to the requirement of filing an informal grievance is matters that involve "substantial risk of immediate personal injury or serious harm." C.D. 14-7: MSP Grievance Procedure, p. 2, ¶ III(D)(2). The unit manager is responsible for investigating and responding to the informal grievance within 20 working days. C.D. 14-7: MSP Grievance Procedure, p. 3, ¶ III(E)(2).

If the matter is not resolved to the inmate's satisfaction, the inmate may initiate the three-step formal grievance procedure by filing an Inmate/ Offender Grievance Form within five working days after the informal resolution response.[1] C.D. 14-7: MSP Grievance Procedure, p. 3, ¶ III(E)(4). The MSP grievance coordinator is responsible for investigating the formal grievance and responding to the inmate in writing within twenty working days. C.D. 14-7: MSP Grievance Procedure, p. 4, ¶ III(G)(1). If the inmate is dissatisfied with the result of the formal grievance, he may appeal the grievance to the MSP warden by submitting appropriate paperwork within five working days of the formal grievance decision.

---

[1] Defendant's brief in support of her motion indicates the grievance procedure requires the filing of a formal grievance, an appeal to the Warden, and an appeal to the Director of the Department of Correction within "three" working days of the prior response. C.D. 14, p. 4. The grievance policy attached to the motion indicates that period of time is "five" working days. C.D. 14-7, pp. 3-5.

C.D. 14-7: MSP Grievance Procedure, p. 4, ¶ III(I)(1)(a).  If the inmate is dissatisfied with the result of the appeal to the MSP warden, the inmate may appeal the grievance to the director of the Department of Corrections by filing appropriate paperwork within five days of the warden's decision.  C.D. 14-7:  MSP Grievance Procedure, p. 5, ¶ III(I)(1)(c).  "The DOC Director's response is final, and exhausts all administrative remedies available to the inmate through the inmate grievance program."  C.D. 14-7: MSP Grievance Procedure., p. 6, ¶ III(K)(4).

Billie Reich, grievance classification officer at Montana State Prison, oversees the prison's grievance program and is responsible for receiving, receipting and tracking all grievances and grievance appeals filed by MSP inmates.  C.D. 14-1: Reich Affidavit, pp. 1-2, ¶ 2.  Ms. Reich reviews, researches, and responds to standard grievances at the formal level.  C.D. 14-1: Reich Affidavit, pp. 1-2, ¶ 2.

Ms. Reich reviewed the grievance system tracking documents that she maintains and determined that Mr. Bullplume accessed the grievance system five times for matters relating to the MSP mailroom.  C.D. 14-1: Reich Affidavit, pp. 2-4, ¶¶ 3-9.  Mr. Bullplume fully exhausted the grievance system only one time and that was a grievance regarding a letter from the U.S. Department of the Interior.  C.D. 14-1: Reich Affidavit, p. 3, ¶ 6.

5

## III. MOTION TO DISMISS

Defendant moves to dismiss arguing Mr. Bullplume failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA's exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. Booth, 532 U.S. at 741.

### A. Defendant's Arguments

Defendant Deyott contends Mr. Bullplume failed to adhere to the procedural requirements of the MSP grievance procedure and that the Motion to Dismiss should be granted for the following reasons: (1) Mr. Bullplume did not file a grievance regarding the legal mail from attorney Jeffrey Blanck; (2) he only filed a grievance regarding legal mail from the Center of Constitutional Rights of Social

6

Justice, which is not at issue in this case; (3) he failed to appeal to the director of the Department of Corrections; and (4) he failed to attempt to exhaust his administrative remedies prior to filing his lawsuit. C.D. 14, pp. 5-6.

B. Analysis

There is no indication in the record that Mr. Bullplume filed a specific grievance regarding his correspondence with Mr. Blanck, which is the subject of this litigation. Mr. Bullplume did file a grievance regarding legal mail from the Center of Constitutional Rights of Social Justice but he did not even appeal that attorney-client mail issue to the Director of the Department of Corrections.

It is undisputed that upon arrival at MSP, all inmates are given an orientation including instruction on accessing and using the grievance system. C.D. 14-1: Reich Affidavit, p. 3, ¶ 8. The Montana State Prison's grievance policy requires an appeal to the warden and the Director of the Department of Corrections. There is no evidence that Mr. Bullplume appealed the denial of any attorney-client mail grievance to the Warden or the Director of the Department of Corrections. As such, Mr. Bullplume did not properly exhaust the available administrative remedies for his claims. Defendant's Motion to Dismiss should be granted, and this matter dismissed.

C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Bullplume's failure to exhaust his claims is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

8

### D. Address Change

At all times during the pendency of this action, Mr. Bullplume SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Bullplume has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

    1. Defendant's Motion to Dismiss (C.D. 13) should be granted.

    2. This case should be dismissed without prejudice and the Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Mr. Bullpume failed to exhaust his administrative remedies. Thus, no reasonable

person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied upon to contradict that finding. In addition, the parties must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to

appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of July, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge