
RECEIVED SEP 04 2012
CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| SHANNON DAVID BULLPLUME, | CV 11-56-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| MAILROOM SUPERVISOR, DENISE DEYOTT | |
| Defendant. | |

On July 30, 2012, Magistrate Judge Strong entered findings and recommendations as to the dispute between Plaintiff Shannon David Bullplume and Defendant Mailroom Supervisor Denise Deyott. (Doc. 18.) Judge Strong recommended this Court grant Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies. (Doc. 13.)

Bullplume alleges that Defendant opened his legal mail from Attorney

Jeffrey S. Blanck outside of his presence in violation of his First and Fourth Amendment rights. Defendant argues Mr. Bullplume failed to exhaust the grievance procedure in place at Montana State Prison ("MSP") and this matter should be dismissed. Mr. Bullplume did not respond to Defendant's motion.

Bullplume is entitled to *de novo* review of those findings or recommendations to which he objected. 28 U.S.C. § 636(b)(1). Because Bullplume did not specifically object to any portion of the Findings and Recommendations, they will be reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court agrees with Judge Strong's analysis and conclusions, and adopts his Findings and Recommendations in full. The procedural and factual background of the case will not be restated here as the parties are familiar with it, and it is described in the adopted Findings and Recommendations.

The exhaustion requirement of the Prison Litigation Reform Act ("PLRA") states,

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Booth v.*

*Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). To meet this requirement, a prisoner must properly exhaust all administrative remedies, which includes following all the steps required by the agency. *See Woodford v. Ngo*, 548 U.S. 81, 81 (2006). The defendant bears the burden of establishing that a plaintiff failed to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

As mentioned by Judge Strong, MSP has a grievance procedure for prisoners to use in order to resolve complaints about their incarceration. Prisoners must first file an informal grievance unless their complaint regards matters involving "substantial risk of immediate personal injury or serious harm." (MSP Grievance Procedure, p. 3, ¶ III(E)(2).) MSP includes the grievance system procedure in its orientation program and Mr. Bullplume had previously availed himself to the grievance system regarding legal mail from the Center of Constitutional Rights of Social Justice. However, the record indicates that Mr. Bullplume did not file a specific grievance regarding his correspondence with Mr. Blanck. Finding no clear error in Judge Strong's Findings and Recommendations, the Court agrees that Mr. Bullplume failed to exhaust the available administrative remedies for his claims.

Bullplume's failure to exhaust his administrative remedies is so clear no reasonable person could suppose an appeal would have merit. Thus, I certify that any appeal of this matter would not be taken in good faith.

For all the above reasons, the Findings and Recommendations (doc. 18) are hereby ADOPTED, and Defendant Mailroom Supervisor Denise Deyott's Motion to Dismiss for Failure to Exhaust Administrative Remedies (doc. 13) is GRANTED.

Dated this 4th day of September, 2012.

Donald W. Molloy, District Judge
United States District Court